# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        **Plaintiff,**

   v.                                                **Case No. 06-CR-335**

**TEODORO MERAZ, et al.**
        **Defendants.**

## DECISION AND ORDER

The grand jury handed up a three count indictment against defendant Teodoro Meraz. In count one, the grand jury charged Meraz and eight other defendants with conspiracy to distribute five kilograms or more of cocaine between August 18, 2006 and December 1, 2006. See 21 U.S.C. § 846. In count two, the indictment charged three defendants – Meraz, Antonio Cruz and Pedro Romo – with possession with intent to distribute 500 grams or more of cocaine on December 1, 2006. See 21 U.S.C. § 841(a)(1) & 18 U.S.C. § 2. Count three charged Meraz, Andrew Oblak and Richard Welsh with possession with intent to distribute 500 grams or more of cocaine on December 1, 2006. See 21 U.S.C. § 841(a)(1) & 18 U.S.C. § 2.

Meraz moves to quash counts two and three on the grounds of multiplicity. In his moving papers, Meraz indicates that in counts two and three the government seeks to hold him vicariously liable for the possession of cocaine by the other defendants charged in those counts.[1] Although his argument is not entirely clear, Meraz seems to argue that counts two and three are multiplicitous because they provide the overt acts necessary for count one, the

---

[1] In its response, the government contends that Meraz supplied the cocaine possessed by the other defendants charged in counts two and three, and he therefore may be held liable for such possession under 18 U.S.C. § 2, the aiding and abetting statute.

conspiracy charge, and because the government will have to prove the agreement or conspiracy alleged in count one in order to establish his vicarious liability on counts two and three. He therefore contends that he cannot, consistent with the Double Jeopardy Clause, be punished for counts two and three in addition to count one.

The magistrate judge handling pre-trial proceedings in this case recommended that the motion be denied. Defendant objects to that recommendation, requiring me to review the matter de novo.[2] Fed. R. Crim. P. 59(b)(3).

## I.  APPLICABLE LEGAL STANDARDS

### A.     Double Jeopardy Protections

The Double Jeopardy Clause affords a defendant three basic protections: (1) protection against a second prosecution for the same offense after acquittal, (2) protection against a second prosecution for the same offense after conviction, and (3) protection against multiple punishments for the same offense. North Carolina v. Pearce, 395 U.S. 711, 717 (1969), overruled in part on other grounds by Alabama v. Smith, 490 U.S. 794 (1989). The first two protections operate to restrict the executive branch and apply when the defendant is subjected to successive prosecutions based on the same offense. The third operates to restrict the power of the court when the government seeks to charge and punish the defendant twice for the same offense in a single proceeding. See McCloud v. Deppisch, 409 F.3d 869, 873 (7th

---

[2]In the body of her decision, the magistrate judge recommended that Meraz's motion be denied. (R. 110 at 8.) However, in the conclusion, she ordered that the motion be denied. Because motions to dismiss or quash an indictment are considered dispositive, Fed. R. Crim. P. 59(b)(1), I will consider the magistrate's opinion as a recommendation and review the matter de novo.

2

Cir.), cert. denied, 546 U.S. 1063 (2005).³ The present motion implicates the third protection.

**B.     Multiple Punishments/Multiplicity**

The charging in separate counts what amounts to a single offense is known as multiplicity. United States v. Muhammad, 120 F.3d 688, 702 (7th Cir. 1997). The rule against multiplicity exists to prevent multiple punishments for the same act. United States v. Snyder, 189 F.3d 640, 647 (7th Cir. 1999). The traditional test of multiplicity is whether each count requires proof of a fact which the other does not. If so, they are generally not considered the same offense for double jeopardy purposes. See, e.g., United States v. Starks, 472 F.3d 466, 469 (7th Cir. 2006); United States v. Conley, 291 F.3d 464, 470 (7th Cir. 2002); see also Blockburger v. United States, 284 U.S. 299, 304 (1932).

However, in the multiple punishment context, the application of the Blockburger test is not the end of the analysis. Rather, the court uses the test to determine whether two offenses are the "same" for purposes of the double jeopardy analysis. McCloud, 409 F.3d at 875. If they are the same, a presumption arises that the legislature did not intend for them to be punished cumulatively. But this presumption can be overcome with evidence of legislative intent to permit multiple punishments. Id. As the Seventh Circuit has noted, the third double jeopardy protection "is a limited one, for the Double Jeopardy Clause does not preclude the imposition of multiple punishments for the same offense, so long as the legislature has authorized cumulative punishment." Id. at 873. Because the legislature holds the power to define criminal offenses and to prescribe penalties for them, it is "completely within a

---

³As the Seventh Circuit noted in McCloud, while the Double Jeopardy Clause protects a defendant against cumulative punishments for convictions on the same offense, it does not limit the number of charges that the government may bring in a single proceeding. 409 F.3d at 873 (citing Ohio v. Johnson, 467 U.S. 493, 500 (1984)).

3

legislature's purview to determine that the appropriate punishment for certain conduct is additional prison time, even if it has already established that a prison sentence be increased for a separate offense that includes such conduct." United States v. Handford, 39 F.3d 731, 735 (7th Cir.1994). Thus, in the multiple punishment context, the Double Jeopardy Clause operates only as a limit on the judiciary, ensuring that the total punishment does not exceed that authorized by the legislature. McCloud, 409 F.3d at 873; see also Missouri v. Hunter, 459 U.S. 359, 366 (1983).

## II. DISCUSSION

Because the elements of count one differ from those in counts two and three, Meraz's multiplicity argument does not make it past application of the Blockburger test. In order to establish a drug conspiracy under 21 U.S.C. § 846, the government must prove: (1) that two or more people agreed to possess and distribute controlled substances, and (2) that the defendant knowingly and intentionally joined in this agreement. United States v. Luster, 480 F.3d 551, 555 (7th Cir. 2007). An overt act is not required. United States v. Duran, 407 F.3d 828, 847 (7th Cir. 2006). In order to establish the crime of possession of cocaine with intent to distribute under 21 U.S.C. § 841(a)(1), the government must prove: (1) knowing or intentional possession of cocaine (2) with the intent to distribute it to another person. United States v. Banks, 405 F.3d 559, 569 (2005); Federal Criminal Jury Instructions of the Seventh Circuit 379 (1999).

I will assume for purposes of deciding this motion that the government seeks to hold defendant responsible on counts two and three under an aiding and abetting theory,[4] but that

---

[4] At certain points, the parties argue what they believe the evidence will show. In ruling on a motion to dismiss, I am generally limited to the four corners of the indictment. See United

4

does not change the Blockburger-elements analysis. To establish liability under an aiding and abetting theory, the government must prove (1) knowledge of the illegal activity that is being aided and abetted, (2) a desire to help it succeed, and (3) some act of helping. United States v. Serrano, 434 F.3d 1003, 1004 (7th Cir. 2006). The government cannot establish aiding and abetting by association alone; unlike conspiracy under 21 U.S.C. § 846, under 18 U.S.C. § 2 there must be some sort of affirmative conduct or overt act designed to aid the success of the venture. United States v. Sewell, 159 F.3d 275, 278 (7th Cir. 1998). Thus, even with the addition of 18 U.S.C. § 2 to counts two and three, the elements of those counts significantly differ from the elements of count one. See United States v. Stott, 245 F.3d 890, 905 (7th Cir. 2001) (stating that "to win a conviction for aiding and abetting the government must prove an element not necessary to prove conspiracy: the existence of an overt act by the defendant," and that "aiding and abetting is not a lesser included offense of conspiracy").

Indeed, it is well-established that a substantive crime and a conspiracy to commit that crime are not the same offense for double jeopardy purposes. See, e.g., United States v. Felix, 503 U.S. 378, 389-90 (1992). Thus, substantive drug offenses are not considered lesser included offenses of a drug conspiracy. See United States v. Thomas, 150 F.3d 743 (7th Cir. 1998) ("Distribution of cocaine is not technically a lesser included offense of conspiracy to distribute cocaine, because it is possible to conspire in violation of 21 U.S.C. § 846 without committing any overt act, let alone selling drugs."). In the present case therefore, even if the government relies in part upon the conduct at issue in counts two and three in order to prove

---

States v. Boren, 278 F.3d 911, 914 (9th Cir. 2002). As noted in the text, I will assume for purposes of deciding this motion – consistent with the parties' positions – that Meraz faces aiding and abetting liability under counts two and three. But I otherwise decline to consider what the proof might be.

5

count one, there is no violation of the Double Jeopardy Clause.[5] See Starks, 472 F.3d at 469 (stating that the court focuses on the statutory elements of the charged offenses, not the overlap in the proof offered to establish them, because a single act may violate several statutes without rendering those statutes identical).

As Meraz points out in his objections, there are limited exceptions to the Blockburger analysis – cases in which the elements of the two charges may vary yet multiple punishments would nevertheless be improper. See id. at 470 (citing United States v. McCarter, 406 F.3d 460 (7th Cir. 2005)); United States v. Hatchett, 245 F.3d 625, 633 (7th Cir. 2001); see also Ashe v. Swenson, 397 U.S. 436 (1970) (holding that the defendant could not be successively prosecuted for the simultaneous robbery of several persons). But Meraz fails to explain how his case fits within any of those narrow exceptions. Relying on dicta in Hatchett, Meraz contends that even though proof of an overt act as such is not necessary under 21 U.S.C. § 846, the acts alleged in counts two and three will serve as the method of proving the existence of the conspiracy in count one. See Hatchett, 245 F.3d at 637 ("If one offense, among many possibilities, serves in a particular case as the predicate for a greater offense like felony murder, then the defendant cannot be prosecuted or punished twice for both offenses, because the greater offense in that case necessarily requires proof of the lesser, and the two are in that sense one crime."). However, as the Hatchett court went on to point out, in those cases in which cumulative punishments were prohibited "the greater offense *demanded* proof that

---

[5]Meraz concedes that counts two and three are not multiplicitous because the government must prove that different actors (and presumably a different batch of cocaine) were involved in those offenses. See United States v. Gonzales, 933 F.2d 417, 424 (7th Cir. 1991) (finding no multiplicity between two counts of possession with intent to deliver based on vicarious liability, where the defendant was also convicted of a drug conspiracy).

6

another criminal offense had occurred." Id. (emphasis added). Defendant fails to show that in this case the government must prove up counts two and three – or any other substantive offense – in order to establish count one. As discussed above, a conspiracy under § 846 need not include any overt act, and I see no reason why the government must rely upon Meraz's alleged conduct in counts two and three in order to establish the existence of the agreement charged in count one.

Finally, Meraz seems to argue that the inclusion of counts two and three in the indictment constitutes improper or prejudicial joinder. See Fed. R. Crim. P. 8 & 14. However, he fails to develop any viable argument for severance, and I see none.

### III. CONCLUSION

Therefore, for the reasons stated herein and those provided by the magistrate judge,

**IT IS ORDERED** that defendant Meraz's motion to quash (R. 68) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 15th day of October, 2007.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge